Freeman v. Johnson

WILLIAM H. FREEMAN, Petitioner v. AARON J. JOHNSON, Secretary of the
N.C. Department of Correction; JOHN PATSEAVOURAS, Director of the
Division of Prisons; BRUCE B. BRIGGS, Chairman of the N.C. Parole Com-
mission; ERNEST R. SUTTON, Superintendent of the Washington County
Prison Unit, Respondents

No. 882SC392

(Filed 15 November 1988)

**Habeas Corpus § 2.1— revocation of parole contracts—habeas corpus not appropri-
ate**

> The trial court did not err by denying petitioner's petition for writ of
> habeas corpus where petitioner had initially been selected to participate in the
> mutual agreement parole program but his M.A.P.P. contract was rescinded
> after the membership of the Parole Commission changed. The M.A.P.P. pro-
> gram is entirely an administrative function and the revocation of his contract
> was an administrative decision. N.C.G.S. § 17-33(2) (1983).

APPEAL by petitioner from *Winberry, Charles B., Jr., Judge.*
Order entered 11 January 1988 in MARTIN County Superior
Court. Heard in the Court of Appeals 26 October 1988.

Petitioner was convicted of second-degree sexual offense on 5
November 1980 and was sentenced to a term of forty years. He
became eligible for parole in May 1985 and was selected to par-
ticipate in the Mutual Agreement Parole Program (M.A.P.P.).
This contract parole program was established in the mid 1970's
by the North Carolina Division of Prisons and the North Carolina
Parole Commission.

Petitioner's M.A.P.P. agreement provided that if he submitted
an approved work release plan, avoided convictions for prison in-
fractions, and provided a suitable employment or school plan and
a residence plan, he would be released on or about 30 April 1987.
Membership of the Parole Commission subsequently changed and
petitioner was notified on 6 January 1986 that the Commission
had rescinded his M.A.P.P. contract. He filed a Petition for Writ
of Habeas Corpus in Wake County Superior Court but the writ
was denied on 15 May 1987 on jurisdictional grounds. This Court
vacated the order of 15 May 1987 and remanded the cause to Mar-
tin County Superior Court for an evidentiary hearing and ruling
on the merits of petitioner's Petition for Writ of Habeas Corpus.
Petitioner filed in the Court of Appeals a Motion for Correction of
Order to have the case remanded to Wake County Superior

Court. This Court entered an order striking its earlier order and denied the Petition for Writ of Certiorari without prejudice to the petitioner to file a new petition for a Writ of Habeas Corpus in Martin County Superior Court.

Petitioner filed a Petition for Writ of Habeas Corpus on 1 September 1987. The trial court (Judge Winberry presiding) denied the petition. It held that the Writ of Habeas Corpus was inappropriate for challenging the validity of an administrative decision of the Parole Commission. The trial court addressed the merits of petitioner's claim in the alternative, holding that even if the writ was proper and petitioner had exhausted all administrative remedies, he did not have a vested right to obtain his release under the M.A.P.P. agreement.

Petitioner filed a Petition for Writ of Certiorari in this Court on 27 January 1988. The petition was allowed 11 February 1988.

*North Carolina Prisoner Legal Services, Inc., by Richard E. Giroux, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Lucien Capone III, for the State.*

WELLS, Judge.

Petitioner assigns error to the trial court's holding that the Writ of Habeas Corpus was an inappropriate procedure for challenging the rescission of his M.A.P.P. contract. The Writ of Habeas Corpus, described by this Court as "critically significant to American jurisprudence," *In re Stevens*, 28 N.C. App. 471, 221 S.E. 2d 839 (1976), provides a method for the judiciary to ensure that personal liberties are not restrained or compromised by illegal imprisonment. *See In re Burton*, 257 N.C. 534, 126 S.E. 2d 581 (1962).

An individual whose initial imprisonment was lawful may nevertheless obtain his release under the writ, "Where, . . . by some act, omission or event, which has taken place afterwards, the party has become entitled to be discharged." N.C. Gen. Stat. § 17-33(2) (1983). Petitioner contends that entering the M.A.P.P. agreement with the North Carolina Division of Prisons and the North Carolina Parole Commission constituted such an act or event. The difficulty with petitioner's position lies in the fact that

the M.A.P.P. program is entirely an administrative function, and that the revocation of his contract was an administrative decision.

This Court confronted a similar issue in *In re Stevens, supra,* where a prisoner who had been recommended for parole sought habeas corpus relief in connection with the State Department of Correction's decision to lower his correctional status grade, thus diminishing his chances to obtain a conditional release. We held that because this was an administrative determination the Writ of Habeas Corpus was not appropriate. "Thus, the difficult problems of when a person should be released and under what circumstances turn on analysis of internal correction policy, and rightfully lie within the sole administrative jurisdiction of our State governmental departments, and are not, barring a clear instance of constitutional infirmity, subjects appropriate for judicial scrutiny." *Id. (citing Goble v. Bounds,* 281 N.C. 307, 188 S.E. 2d 347 (1972)).

Petitioner's relief for rescission of his M.A.P.P. contract must come through administrative procedures before the Division of Prisons and the Parole Commission. Habeas Corpus is not an appropriate vehicle for obtaining judicial review of the Parole Commission's decision, absent a clear violation of constitutional rights. Because no such violation appears in this case, we hold that the trial court correctly denied the Petition for Writ of Habeas Corpus. We overrule this assignment of error.

Because of our disposition of this issue we do not reach petitioner's other assignments of error.

Affirmed.

Judges ARNOLD and COZORT concur.